## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

PHILLIP WHITLEDGE, SR.,       )
                                     )
                Plaintiff,       )
                                     )
vs.                                  )
                                   )    Case No.      CIV-05-145-F
JO ANNE B. BARNHART,       )
Commissioner of the Social      )
Security Administration,        )
                                   )
                Defendant.     )

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 of the Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

## PROCEDURAL HISTORY

Plaintiff filed his application for DIB on August 30, 1999 alleging a disability since July 31, 1999 (TR. 31). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 32, 31). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an Administrative Law Judge (ALJ) on February 23, 2001 (TR. 168-221). The ALJ issued his decision on January 19, 2002 finding that Plaintiff was not entitled to DIB (TR. 15-19). The Appeals Council denied the Plaintiff's request for review on April 12, 2002. Plaintiff appealed the Commissioner's decision to this Court and the case was remanded for further administrative proceedings (TR. 320-330). A second hearing was held before an ALJ on September 7, 2004 (TR. 397-443). The Plaintiff appeared in person and with a non-attorney representative and offered his

testimony in support of the application (TR. 400-424).  A vocational expert (VE) testified at the request of the ALJ (TR. 431-442). The ALJ issued his decision on December 16, 2004 finding that Plaintiff was not entitled to DIB (TR. 229-234).  Plaintiff declined to file an appeal with the Appeals Council within sixty days of the ALJ's decision, thus, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 233).  At step two, the ALJ concluded that Plaintiff had the severe impairments of diabetes and hypertension (TR. 233). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R.

Part 404, Subpart P, Appendix 1 (TR. 233).  At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 234).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform light work (TR. 234).  The ALJ considered the testimony of the VE and determined there were other jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 233, 234). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 234).

On appeal to this Court, Plaintiff alleges the following errors:  (I) The ALJ failed to make the requisite findings to justify a finding of transferable skills for a person of advanced age; (II) substantial evidence does not support the conclusion that Plaintiff acquired work skills that were readily transferable with minimal vocational adjustment; (III) substantial evidence does not support the ALJ's step five denial because the hypothetical posed to the vocational expert did not reflect with precision the visual impairment borne out by the medical record; and (IV) the ALJ improperly disregarded the evidence regarding mental limitations associated with Plaintiff's physical impairment and breached his duty to properly develop the record regarding whether Plaintiff had a medically determinable mental impairment.

# I.

Plaintiff argues that the ALJ failed to make the requisite findings to justify a finding of transferable skills for a person of advanced age (See Plaintiff's Brief at pages 9-10).  Plaintiff, who is over the age of sixty, is a person of "advanced age" according to the Commissioner's regulations. *See* 20 C.F.R. 404.1563(e). The Commissioner must overcome a higher burden at

step five to deny benefits to claimants of advanced age. *Emory v. Sullivan*, 936 F.2d 1092, 1094 (10th Cir. 1991). The regulations state:

> If you are closely approaching retirement age (age 60-64) and you have a severe impairment(s) that limits you to no more than light work, we will find that you have skills that are transferable to skilled or semiskilled light work only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.

20 C.F.R. 404.1568(d)(4). When the issue of skills and their transferability must be decided, the ALJ is required to make certain findings of fact and include them in the written decision. Findings should be supported with appropriate documentation. SSR-82-41 provides ALJs with the following specific guidance:

> When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the State agency's determination or ALJ's decision. Evidence that these specific skilled or semiskilled jobs exist in significant numbers in the national economy should be included...It is important that these findings be made at all levels of adjudication to clearly establish the basis for the determination or decision for the claimant and for a reviewing body including a Federal district court.

In this case the VE gave no opinion on whether, as required by the applicable regulations and rules, little or no vocational adjustment would be required for Plaintiff to transfer his skills to other identified jobs or whether he could perform those jobs at a high degree of proficiency with a minimal amount of job orientation. *Nielson v. Sullivan*, 992 F.2d 1118, 1121 (10th Cir. 1993). A finding of transferability, alone, does not satisfy the Secretary's regulations requiring very little vocational adjustment. "Not only must a claimant's skills be transferable, there must be little vocational adjustment required . . . ." *Terry v. Sullivan*, 903 F.2d 1273, 1279 (9th Cir. 1990). See *Burton v. Secretary of Health & Human Servs.*, 893 F.2d 821, 824 (6th Cir. 1990) ("It is not enough, however, that the claimant possess transferable skills; their transfer must require little if any

vocational adjustment.").

The record does not contain the requisite evidence that Plaintiff's skills were transferable with little or no vocational adjustment. When the transferability of skills arises with respect to a claimant of advanced age, the ALJ must present the vocational expert with a hypothetical that asks whether or not the skill is transferable with little or no vocational training or job orientation. *Nielson* at 1121.

The ALJ clearly failed to do so here. Because the ALJ failed to apply the correct legal principles, his finding at step five is not supported by substantial evidence.

## II.

Plaintiff is also correct in his second assertion of error that substantial evidence does not support the conclusion that Plaintiff acquired work skills that were readily transferable with minimal vocational adjustment.  On remand, the ALJ should attempt to obtain such evidence from a VE.

## III.

Plaintiff also argues that substantial evidence does not support the ALJ's step five denial because the hypothetical posed to the VE did not reflect with precision the visual impairment borne out by the medical record (See Plaintiff's Brief at pages 11-12).  In his decision the ALJ found that although Plaintiff "suffered from some decreased visual field in both eyes, the undersigned finds that this would not severely affect the claimant's ability to engage in the full range of light work" (TR. 232).  The ALJ's opinion is supported by substantial evidence found in the record (TR. 151, 162, 167). The medical record is devoid of evidence that Plaintiff's decreased visual field in both eyes affected his ability to work.

An ALJ need include only those limitations in the hypothetical question to the VE which he properly finds are established by the evidence. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995).

Thus, it appears that the ALJ properly excluded Plaintiff's visual impairment from the hypothetical question posed to the VE.

# IV.

Plaintiff also alleges that the ALJ improperly disregarded the evidence regarding mental limitations associated with Plaintiff's physical impairment and breached his duty to properly develop the record regarding whether Plaintiff had a medically determinable mental impairment.

In April 2001, Plaintiff was examined by Martin Krimsky, Ph.D., who stated that Plaintiff had only a moderate[1] ability to deal with work stresses and maintain attention/concentration; that he had only a moderate ability to understand, remember, and carry out complex job instructions, behave in an emotionally stable manner, and behave predictably in social situations (TR. 164-166). Dr. Krimsky also concluded that Plaintiff's personal beliefs may impinge on relations with others (TR. 166). The ALJ has, once again, ignored without explanation these negative findings from Dr. Krimsky which were critical to making a determination of Plaintiff's mental RFC (TR. 323).

On remand, the ALJ must discuss these findings and explain the weight given and the affect, if any, that these findings have on Plaintiff's RFC.

Plaintiff also argues that the ALJ failed to properly develop the record with regard to Plaintiff's mental impairment (See Plaintiff's Brief at pages 13-14). Plaintiff urges that the ALJ erred in not ordering additional psychiatric consultative examinations of Plaintiff or re-contacting Dr. Krimsky. Although a claimant has the general duty to prove disability, a social security disability hearing is a non-adversarial proceeding and an ALJ has a duty to develop the factual record. See *Musgrave v. Sullivan*, 996 F.2d 1371, 1374 (10th Cir. 1992). The ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues. *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993). The statutes require that "[i]n making any

---

[1] "Moderate" in the context of Dr. Krimsky's Assessment of Ability to Engage in Work-Related Activities (Mental) completed on May 3, 2001 means "An impairment which reduces but does not preclude ability to function" (TR. 164).

determination the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make such determination, prior to evaluating medical evidence obtained from any other source on a consultative basis."  42 U.S.C. § 423(d)(5)(B).

The Commissioner has broad latitude in ordering consultative examinations. *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). See *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir.1990).  Nevertheless, it is clear that, where there is a direct conflict in the medical evidence requiring resolution or where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim. 20 C.F.R. § 404.1519a(b)(4); *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir.1993).

The medical and testimonial evidence does not appear to be either in direct conflict or inconclusive so as to require an additional consultative opinion. 20 C.F.R. §404.1519a(b)(4); 20 C.F.R. § 416.919a(b)(4). Thus, it appears that the ALJ did not err in failing to obtain a consultative examination.

If evidence from the claimant's treating doctor is inadequate to determine if the claimant is disabled, an ALJ is required to re-contact a medical source, including a treating physician, to determine if additional needed information is readily available. See 20 C.F.R. 404.1512(e)(1) and 416.912(e)(1)("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."); see also *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002)(holding ALJ had obligation to re-contact treating physician if validity of his report open to question). The responsibility to see that this duty is fulfilled belongs entirely to the ALJ; it is not part of the claimant's burden.

In the present case, neither the ALJ's decision nor the Plaintiff's brief indicates that there is a conflict or an ambiguity in Dr. Krinsky's report, nor is there any indication that the validity of the report is open to question. Thus, it appears that the ALJ did not err in failing to re-contact Dr. Krinsky.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings consistent with I, II and IV hereof**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 27th day of March, 2006.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE